DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2019-39 |
| | ) | |
| FREDDY ANTONIO MONTANO PAZ, | ) | |
| HECTOR HERNANDEZ SAVCEDO, | ) | |
| MARIANO ABREGON, CALIXTO | ) | |
| TUMBACO, | ) | |
| | ) | |
| Defendants. | ) | |

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**Delia L. Smith**
**Everard E. Potter, AUSA**
**George A. Massucoo-LaTaif, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Richard Coughlin, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Freddy Antonio Montano Paz,*

**Anita Hill**
Law Offices of Anita Hill
San Juan, PR
    *For Hector Hernandez Savcedo,*

**David J. Cattie**
The Cattie Law Firm, P.C.
St. Thomas, U.S.V.I.
    *For Mariano Abregon,*

**Juan F. Matos-de Juan**
Hato Rey, PR
    *For Calixto Tumbaco.*

**ORDER**

Before the Court is the motion of the United States to continue the trial in this matter. For the reasons stated herein, the time to try this case is extended up to and including January 6, 2020.

On August 1, 2019, the Grand Jury returned a four-count indictment (the "Indictment") against Freddy Antonio Montano Paz ("Paz"), Hector Hernandez Savcedo ("Savcedo"), Mariano Abregon ("Abregon"), and Calixto Tumbaco ("Tumbaco"). The Indictment charged each defendant with (1) one count of conspiracy to possess a controlled substance while on a vessel in violation of 46 U.S.C. § 70506(b); (2) one count of possession of a controlled substance while on a vessel in violation of 46 U.S.C. § 70503(a)(1); (3) one count of conspiracy to operate a submersible vessel without nationality in violation of 18 U.S.C. § 2285(a), (b); and (4) one count of operating a submersible vessel without nationality in violation of 18 U.S.C. § 2285(a), (b). The defendants were arraigned on the Indictment on August 14, 2019. Following the arraignment, the Magistrate Judge scheduled a trial to commence on October 7, 2019.

On September 20, 2019, the United States filed a motion captioned "Joint Motion to Continue." *See* ECF No. 71. In that motion, the United States asserted that Tumbaco and Abregon "are

currently engaged in plea discussions, and are in need of additional time to conclude said negotiations" and Savcedo "is in need of additional time to adequately explore possible outcomes short of trial."[1] *See id.* at 1. The United States requested that the Court reschedule the trial in this matter "to a date on or after October 31, 2019." *See id.* at 2.

On October 1, 2019, Savcedo filed a motion to continue, asserting that he needed additional time to prepare for trial. On October 3, 2019, the Court granted Savcedo's motion and rescheduled the October 7, 2019, trial for November 4, 2019. The Court also made an ends of justice finding and excluded October 3, 2019, through November 15, 2019, from the speedy trial clock.

On October 25, 2019, the United States filed a motion to continue the November 4, 2019, trial. The United States asserts that two of its essential witnesses--Lieutenant Commander Matthew Fetzner ("Fetzner") and Petty Officer Ryan Beard ("Beard") of the United States Coast Guard--will be unavailable for the November 4, 2019, trial. The United States asked the Court to reschedule the November 4, 2019, trial to "a date on or after January 6, 2020." *See* ECF No. 96 at 2.

---

[1] On September 12, 2019, Paz pled guilty pursuant to a plea agreement with the United States.

On October 29, 2019, the parties appeared before the Magistrate Judge for a status conference. At that conference, the United States asserted that on October 25, 2019, the office of executive counsel for the United States Coast Guard had informed the United States that Fetzner and Beard received orders for an "emergency deployment" that day. Fetzner and Beard were scheduled to return from their deployment on December 31, 2019, and would then be on leave through January 5, 2020. The United States reiterated that Fetzner and Beard were responsible for the footage of the interdiction of the defendants' vessel and they were the only witnesses who could authenticate the video. The United States asserted that it was "impossible" for the United States to proceed without these videos because the United States had no other evidence showing the location of the interdiction, which was necessary to demonstrate jurisdiction, and no other evidence that the defendant's vessel was semi-submersible. Savcedo also indicated that the video was important to his planned defense strategy.

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. §

3161(c)(1). 18 U.S.C. § 3161(c). Under the Speedy Trial Act, however, certain "periods of delay shall be excluded in computing the time within which an information or indictment must be filed." 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes

> (3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness . . . [and]
> (7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C.A. § 3161(h).

Under 18 U.S.C. § 3161(h)(7)(A), a witness is "essential" when he "is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial." *United States v. Hamilton*, 46 F.3d 271, 277 (3d Cir. 1995). Under this standard, it is not necessary that the government be unable to "obtain a conviction without that witness's testimony." *Id.* at 276. If, however, "the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential." *Id.* at 277.

A witness is "unavailable" for the purposes of the Speedy

Trial Act if "his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). "The unavailability bar is not a high one; in one case, a witness's prior wedding and honeymoon plans rendered him unavailable." *United States v. Saeku*, 436 Fed. App'x 154, 161-62 (4th Cir. 2011) (citing *United States v. Meyer,* 803 F.2d 246, 247-48 (6th Cir.1986)); *see also United States v. Patterson*, 277 F.3d 709, 711 (4th Cir. 2002) (finding witness unavailable where transporting witness in time for trial was possible but "would create 'a hardship' for the [United States Marshals Service]"). The "'due diligence' standard 'does not require the maximum feasible diligence, only due, or reasonable, diligence.'" *Id.* at 712 (quoting *Wims v. United States,* 225 F.3d 186, 190 n. 4 (2d Cir.2000)).

Considering the proffer of the United States--which was not objected to--with respect to Fetzner and Beard's availability, the United States' efforts to obtain their presence for trial, and their expected testimony, the Court finds that Fetzner and Beard are unavailable essential witnesses within the meaning of 18 U.S.C. § 3161(h)(7)(A). In addition, in light of the apparent importance of Fetzner and Beard's testimony to both the United States and at least one of the defendants, the Court finds that

*United States v. Paz, et al.*
Criminal No. 2019-39
Order
Page 7

the ends of justice require extending the time within which to try this matter up to and including February 3, 2020.

The premises considered, it is hereby

**ORDERED** that the motion to continue docketed at ECF Number 96 is **GRANTED**; it is further

**ORDERED** that the trial in this matter previously scheduled for November 4, 2019, is **RESCHEDULED** to commence promptly at 9:00 A.M. on February 3, 2020, in STT Courtroom 1 before District Judge Curtis V. Gomez; and it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 3, 2020, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
    **Curtis V. Gómez**
    **District Judge**